(34 Misc. Rep. 375.)

## In re SAUNDERSON.

(Supreme Court, Special Term, Kings County. March, 1901.)

LIQUOR-TAX CERTIFICATE—CONSENT OF OWNERS.

    Rear doors leading from two dwelling houses into the rear yards, approachable through the yards from the street, are entrances of the dwelling houses, within the meaning of Liquor Tax Law, § 17, subd. 8, so that consents of the owners thereof are necessary, where they are within 200 feet of the nearest entrance of the place where traffic in liquors is to be carried on, before a certificate can be granted.

Petition of Robert Saunderson for an order revoking the liquor tax certificate issued to Frederick J. Crane. Petition granted.

Frank L. Mayham, for petitioner.

Charles C. Nadal, for defendant.

DICKEY, J. This motion is submitted on an agreed state of facts by which it is admitted, among other things, "that both of the rear doors leading from two dwelling houses into the rear yards are within 200 feet from the nearest entrance from the hotel, and that the said rear doors are approachable through the yard from the street." The sole question for determination is whether these rear doors are to be regarded as entrances, within the meaning of subdivision 8 of section 17 of the liquor tax law. The contention of the owner of the license is that the intent of the legislature in using the word "entrance" was to limit its meaning to street entrances to the front of the building, and not to include either side or rear entrances. The clear purport of the 200-feet restriction is to keep drinking places at least that far away from dwellings in residential neighborhoods unless the owners consented to new liquor places starting up. The use of the word "entrance," qualified by the words "the nearest," plainly points to the meaning of more than one entrance to buildings used exclusively as dwellings. The fact that these dwellings have more than one entrance is not peculiar to them, but common to most dwelling houses. It is therefore no strained interpretation to say that the lawmakers meant to include all entrances, front, side, or rear, in their use of "the nearest entrance." If they had meant the front entrance only, it seems to me that they would have said so in plain words, instead of using the language they did use, which is to be given its ordinary common-sense meaning. I find it easy to agree with Justice Lambert in his decision in the matter of the petition of Robert Herse for an order revoking liquor tax certificate No. 18,848, in which he revoked a license under a similar state of facts.

Petition granted, with costs.